The next case is T.T. International v. BMP International. Michael T. Ropp is here for the appellants. David B. Weinstein is here for the appellee. Mr. Ropp, you may begin. Michael T. Ropp is here for the appellant. Thank you, Your Honor, and may it please the Court. Different claims, different parties, a different time frame, and different facts. Each of these independently establish that a party has not waived its right to compel arbitration by asserting it only in a separately filed later case. Here, the importer defendants validly asserted their right to compel this case to arbitration, and the district court erred in denying that motion. Indeed, the prior breach of contract litigation involved transactions occurring from 2012 through early 2018. The contract containing the arbitration clause at issue in this case was not even signed until February of 2018. Thus, the importer defendants, at least the ones that were actually parties to this prior action, could not have validly compelled arbitration there, even if they wanted to do so. Simply put, the importer defendants have never waived any right to compel arbitration. Let's suppose that in a different case, I'm not asking you to make any concessions on the part of anyone here, but in a different case, there was litigation that resulted in a judgment, and separately, the party that owed damages took steps to hide resources. Is that related enough to invoke the arbitration with respect to the first? The first part of the answer to that question, I think, is it would depend what claims were at issue in the two pieces of litigation, and I think that's probably the most significant distinction that goes to your question here, is that in the prior litigation, we had causes of action for breach of contract, account stated, open account, and unjust enrichment. So none of that would have put any party on notice that they would need to invoke arbitration for something that related to the claim that's asserted here, which is fraudulent transfer. Entirely different elements, an entirely separate set of facts. To your point, we go to the state of mind of the actors at that point, and importantly here, recall, too, that the transactions that are alleged to be fraudulent, the assets that were allegedly moved, were the subject of this contract agreement that was signed in February of 2018. So there, when we're talking about the sort of lack of identity of the claims that are asserted, and lack of identity of the time frames that are overlapping between the two, I think the answer to your question is probably no if you had that sort of circumstance. Now, if you had a fraudulent transfer claim in the initial litigation that somehow incorporated this later time frame as well, I suppose it's possible on a different set of facts that you would have more sort of identity between the two lawsuits that you do here. And, of course, that's assuming, too, that this court is willing to accept the proposition in the first place that actions taken in one piece of litigation could constitute waiver in another piece of litigation. Well, let's set aside the original action and just talk about this case in particular. So your client filed an answer denying liability. There was extensive litigation. And then they moved to dismiss and compel arbitration eight months later. Why isn't that delay sufficient to constitute a waiver of the right to compel arbitration? So the portion of your question that I would take issue with was the extensively litigated. So what happened in the time frame here? The initial answer was filed. That is accurate. In the impending eight months, there was no activity in this case whatsoever. No discovery, no motion practice, no depositions, no document production, nothing whatsoever. So if the court says there was a delay, is that an abuse of discretion? If the court bases the waiver on an eight-month delay, is that an abuse of discretion on the part of the district judge? Well, first of all, I think the standard of review would be de novo here on the denial of the motion to compel arbitration. I think under any standard of review, I think that delay alone is insufficient. Because, again, the traditional test that's been applied in all circumstances is whether the party was substantially engaging the machinery of litigation. But do we still look at that after Morgan v. Sundance? Absolutely, Your Honor, because this would be the waiver test, whether it's applied for arbitration, for jurisdiction, for a forum selection clause. Do we apply Florida law? What's that? Do we apply Florida law? No, I think that this court is down by, and I forget the name of the case that's cited in our reply brief. It's a pre-1981 Fifth Circuit case that I think in this circuit holds the federal waiver. Actually, it's a 1981 case, but it came out in December of 1981, so it doesn't bind us, I believe. I think binding is only September of 1981 and before. I'd have to look back at the dates of the specific cases. I would tell Your Honor, too, that when the Supreme Court looked at this issue in Morgan, it said that all of the courts of appeals have applied what they've called waiver analysis under federal law, and it sort of dispensed with the question, didn't rule on the question of whether state or federal law was appropriate. Regardless of whether you apply Florida law or Eleventh Circuit law, we have said that by actively participating in a lawsuit or taking an action inconsistent with that right, you can waive arbitration, and how is it not actively participating? I mean, once you become involved in the lawsuit and don't file a motion to compel arbitration, you're actively involved in the lawsuit. Well, I think for the court to reach that conclusion, it would have to hold that the filing of an answer is a waiver of the right to come, of any answer is a waiver in and of itself, because that's all that happened here in this litigation. Did your answer have an affirmative defense saying that you were entitled to arbitration? The initial answer did not. So you did not have an affirmative defense notifying the court that you were entitled to arbitration? When the original answer was filed, it did not have that. The next thing that happened in the case was the defendant filed a motion for leave to amend and add affirmative defenses in the answer. That motion was granted by the district court, and the purpose of doing that was to add the affirmative defenses, and as the case was then being actively litigated, immediately moved to compel arbitration. So I think to get to that point, and I do think it would be inconsistent with this court's cases in Garcia and S&H contractors as to where the line is when we found the waiver in this case in particular for the court to hold that just the filing of that initial answer is a waiver when there's no engagement of the litigation process after that. I've got a question about the particular agreement here. The JVC has a clause that says, if a party fails or delays in exercising some of its rights, powers, or privileges under this contract, it does not constitute a waiver of such rights, powers, or privileges. And other circuits, including the Second, Third, Fifth, and Sixth, have held that these no-waiver clauses do not affect the normal waiver inquiry. Should we follow suit? I think that's where I was going next, Your Honor, is that that clause is there and this court has not ruled on that. So I think if we go to intent of the parties in this agreement, I think the best way to look at it is it's probably a supplemental indication of how these parties wanted the waiver analysis to occur. I take the point that when other circuits have looked at this, they said it doesn't displace that inquiry, but I think it's relevant, again, when the Supreme Court is saying, in Morgan, we look at the totality of the circumstances,  Do you think maybe that's one piece of the totality of the circumstances rather than a flat bar, say, on waiver, essentially? Again, I think if the court follows that reasoning and says, yes, the contractual language is there and that's a bar to waiver because the parties agreed to it, I'm saying I think we win under either alternative, right? I mean, if it's a bar to asserting the waiver defense, I think we win. If the court doesn't adopt that rule and says it's part of the totality of the circumstances, I think it's only another arrow in the quiver, if you will, of what happens when you look at waiver from the circumstances of the contract. So you do think it at least affects the ordinary inquiry? It has some import here at a minimum. I think that's right. Okay. I think that's correct. What do you have to say about the mention of the court and its order that the corporate parties are not even parties to the joint venture contract? That's where I was going to go next, Your Honor. I think the first point there is that I think all of these issues have been delegated to the arbitrator because here there's an incorporation of the CTAC rules, and this court has held five times in a row that incorporating arbitration rules that empower the arbitrator to decide issues of arbitrability is a clear delegation to the arbitrator. So I think if this court resolves waiver, as it should, in favor of the appellant, I don't think the court should reach any of those other issues. The delegation clause was never challenged by TCI. In their brief to this court, they don't address this issue at all, and I think under this court's decision in addicts, that is dispositive because there's a valid delegation of that arbitrability question. I think if you look at the party issue as well, even if you got to the merits of that, it is undisputed, and I can get the actual record citation of the signature page. TTI is a signatory to this agreement. They signed the agreement as a corporate entity, so there's no question that they're a signatory. The question is when they're defined in the opening of the contract as an affiliate as opposed to a party, what is the legal effect of that under Chinese law? And so that's even a further reason that the delegation clause should apply here because it's not whether we're talking they're a little p party to the contract, right, whether they're a signatory to the agreement. It's the legal effect of how they're defined in the agreement that they want to argue about now. And because that question as well as any other question about the scope of the arbitration clause has been delegated to the arbitrator, that's what this court should find and I think is bound to find under this court's decision in addicts. So I think the best way for this court to look at this in a linear fashion is that there's not waiver because there's the lack of identity between the two causes of action for the three reasons we discussed. There's not waiver in this individual case because it's inconsistent with this court's prior precedence as well as the overwhelming weight of district court authority analyzing waiver cases and at that point the analysis should stop because of the binding delegation clause. All right. Thank you, Mr. Roth. Mr. Weinstein. Good morning, members. David Weinstein with Greenberg-Trorach. To my right, my colleague, Chris White. Thank you for your time this morning. Council must have said five or six times that the reason there's no waiver is that there's no identity between the two actions.       It's not true. It's not true. It's not true. It's not true. It's not just that there's identity between the actions, Your Honors. The appellants have admitted it multiple times in multiple filings in this action and I will take you through each of those admissions. The court should affirm the district court below for three reasons. One, there was waiver in the underlying action. They litigated it, Your Honors, to the bitter end. Cases end in a number of different ways, as we all know, but they tried this case to verdict and they lost. The only party who didn't was IGAS-USA, and IGAS settled, which is litigating to the bitter end, but they simply settled and were dismissed as a result of that settlement. But was that original action an arbitrable claim? We believe it was an arbitrable claim under their theory of arbitration with which we disagree. Sorry for the circular answer, Judge, but the pink elephant in the courtroom today is the fact that TTI is not a party to the JVC agreement. Now, they want to make short thrift of that and say, well, they signed it as an affiliate and therefore they're bound by it. But it's just you can't read this agreement, Your Honor, and come to that conclusion, and I can tell you very shortly why. First, on page 2 of the agreement, the parties are defined as Party A, Mr. May, Party B, Juha. They are the parties, it's a defined term, and it's used throughout the agreement. Indeed, Your Honor, the term two parties is used eight times in the agreement. But wasn't, backing up, wasn't the agreement signed after the events that led up to the original complaint? Before and after, Your Honor. It was signed in February of 2018, and the shipments at issue were both before in 2017 and after in 2018. There were millions of dollars of transactions that occurred after the signing of the JVC. And if you look at their briefs, a broad reading of the arbitration provision, they would say that any dispute related to the provision of gas from China to these defendants, appellants here in the United States, touched that agreement. So under their theory, not ours, it was arbitrable. Well, but what about under your theory? I'm sorry. I want to make sure. I think you would want us to take your view of the case. So if it's not arbitrable under your theory of the case, then why do you walk me through why you went under that theory? Because it's not always arbitrable because our client's not a party either to the contract or to its arbitration provision by its plain terms. And if the court simply, again, it's so clear as you read the agreement that it's talking about two parties, Jua and Meng, that there are 85 different references to two parties, either party, neither party, or the other party. Eighty-five times the parties, Mr. Meng and Jua, used parties. They defined it. They knew how to use it. And TTI is not a party. It's an affiliate. And, in fact, in places in the agreement, there are three places in the agreement, judges, where the agreement says affiliates except TTI. So they knew how to use affiliate. They knew how to carve our client out of the affiliate. And there is no reading I would respectfully suggest of the arbitration provision itself, which is 22.2 on page 30, that one can conclude our client is a party. And the reason is just textual, the plain language. It says there shall be three arbitrators. Each party defined term, two, each party shall appoint an arbitrator, and the two arbitrators designated by the parties shall appoint a third arbitrator. The arbitrator shall not be a current or former employee, agent, consultant, or attorney of either party. So if there are two arbitrators appointed by two parties and the two parties are defined as Mr. Mang, which is party A, and Juha, party 2, then the only two parties to this arbitration provision are the parties as defined in the agreement. And you can tell throughout it that our client is insignificant to this agreement right down to the last provision, which is really interesting, judges, in paragraph 23.10 at the bottom of page 32. And it says as follows. This contract comes into effect on the date of signing by both parties. It is written in Chinese and has ten copies. Party A, in other words Mr. Mang, shall hold two copies, and party B, Juha, shall hold eight copies. So our client's not even entitled under the clear terms of the agreement to have a copy of it. It's an affiliate for very limited purposes. It clearly didn't agree to arbitration, and as the Court knows it's black-letter law that one, a party seeking to enforce a contract has the burden of showing its existence, so they have the burden here, and two, a party that has not agreed to arbitration cannot be compelled to arbitrate. Now, on this very important point of the lack of identity, as counsel likes to say, let me quote you. Although can I, before you move on from that, isn't arbitrability left to the arbitrator in the first place? It wouldn't, given that there are various arguments made about what Chinese law would say about who is a party to this, why wouldn't we leave that to the arbitrator? Because the law is clear, Judge Grant, that there's a three-party inquiry that the Court must make. One, is there a binding agreement to arbitrate? Answer, no. Then you go to two, is there an arbitrable issue? And the third is waiver. Those three issues are for this Court to decide, and the answer to the pertinent questions is there a binding agreement to arbitrate? No. And has there been waiver? Absolutely. Let me tell you what they have admitted about waiver. Now, counsel again said multiple times there's no identity, but that's not what they filed in their papers. So if you look at their Rule 26 disclosures in this case and at the case management report that they signed, this is what the Rule 26 disclosures, theirs, appellants say. They list as potential evidence, Your Honors, in this case, quote, any litigation materials in prior litigation between plaintiff and BNP International and BNP USA, in other words, the original actions included, but not limited to, pleadings, testimony, deposition transcripts, court orders. Thus, the defendants themselves have admitted that the record in the underlying action and the record in this action are inextricably intertwined. Next, counsel told you nothing happened after they filed an answer without asserting an affirmative defense of arbitration. He's wrong. And I'm sure it's an innocent mistake, Your Honor. We were trial counsel below, and he was not. But each defendant participated in a Rule 26-F conference without ever mentioning arbitration. And importantly, the appellants signed the parties as filed case management report in this action, which one, didn't mention arbitration in paragraph 10, which is the request for special handling, and it provided the following description of this case. This action is related to an action pending in the Middle District of Florida, and it sets forth the style of the original action and involves allegations that BNP International and BNP USA engaged in a scheme to avoid paying damages from the related action to TT International by transferring assets. And by their signature on that case management report and by their service of the Rule 26 disclosures, they've conceded these actions are inextricably intertwined. And they are. And also, Your Honor, very interestingly, we alleged in this case that we... I'm sorry, TT alleged in this case, Your Honors, that it was a creditor, right? It's a fraudulent transfers action. We have to be a creditor in order to maintain it. And so this case is like the second floor of a building. It's built on top of the original action and seeks to collect damages equal to those judgments. When we alleged, when TT alleged, pardon me again, that it was a creditor of the defendants, they denied it. All four of them denied it. And so that means at issue in this case, as we sit and stand here today, Your Honors, we have to prove in this case that the defendants owe TT $90 million because they denied it. It's a fact at issue in this case. It was the central fact in the underlying action, the original action, pardon me. So exactly the same core issue from the original action is at issue in this action by their denial. So their conduct is threefold. Rule 26 disclosures, admitting these cases are inextricably intertwined. Signature in a case management report, admitting these cases are inextricably intertwined. And the denial of the debt, the denial of the $90 million set forth in the judgments, means we have to prove it as we stand here today or sit here today. Mr. Weinstein, I have a question. What is your position on whether or not Florida law applies? My position is that Florida does apply, Your Honor. I'm not sure at the end of the day it matters. I think our law is consistent with Florida law on waiver. Right. I think there's one difference, if I may, Judge Lagoa. There are a number of post-Morgan decisions that talk about this issue. So they like to rely on Amargos, which is a Judge Blum decision out of the Southern District. And it really ends up, you know, in the same place at the end of the day. But she says concededly that federal law applies, but that it's consistent. And she also says the standard that we advocate, which is totality of circumstances, a litigation, or importantly, Judge Lagoa, or any other action inconsistent with arbitration is a waiver. So it's an or test. But there are three middle district opinions also post-Morgan. Goudreau, Derriman, and Adams. And all three of those actions do talk about the consistency. I mean, under Florida law, it's a waiver. I mean, it's been a waiver for a long time under Florida law. Exactly, Your Honor. It is a waiver as a matter of law. The filing of an answer without asserting an affirmative defense of arbitration waives arbitration, period, full time. Do you think that's the federal rule, too, as an answer always enough? I think that the federal rule is, we end up in the same place, but no. I think the federal rule is totality of the circumstances. That's the Florida rule. Even playing field, it's been referred to in the cases. But I don't think there's a federal case that we locate a judge that says the mere filing of an answer without an affirmative defense. Is that what the district judge in this case hold that Florida law applies? He didn't reach the issue, as I recall, Your Honor. Okay. So the question is, I think, a couple minutes I have left, judges. One is . . . But he did say that Chinese law governs the interpretation of the contract. He was equivocal about it. And so what he did was take a few pages and talk about the fact that our client's not a party. And then he stopped short and said, but I really don't need to go there because in any event there's waiver. And so he took a cautious approach, which we certainly understand. But the narrowest possible grounds on which this case could be affirmed, if that's what this court decides to do, would be simply textual reading of the agreement, which I would suggest to you compels the conclusion that TT's not a party. End of story. No presidential value, essentially. Four corners of this contract, and case over on its narrowest possible grounds with an affirmance. Let's suppose for purposes of this question that TT is a party. What's your response to the no waiver clause in the agreement? Consistent with the other circuits, it simply doesn't apply. It would emasculate this court's ability to do its gatekeeping function and to determine whether there's a binding arbitration agreement, whether there's an arbitrable issue, and whether that's been waived. Why wouldn't that reflect some intention of the parties that could be considered either dispositive or as part of the totality of the circumstance analysis? Well, if you give it the burden of TT being a party, that would be a proper question to ask, Judge. But again, we think that's the fundamental question here. And if I may, if the court's decision is to address, you know, there's no, respectfully, in our judgment, no post-Morgan decision from this court that really elucidates, you know, what's the standard post-Morgan? We would suggest it is, as the district courts in Florida have said, it is simply a totality of the circumstances case. There's no longer a heavy burden, and the Ninth Circuit has said that. There's no longer a thumb on the scale. There's no longer a requirement for substantial invocation of the litigation process. It's simply participation. It would be an easy standard. It would be easy for practitioners and district court judges to follow, and we respectfully suggest that the appropriate thing for the court to do is to affirm on both grounds, one, on the narrow ground that we're not a party, TT is not a party, but two, you know, educate the district courts on what the standard is within the Eleventh Circuit. I thought you just agreed, though, that the standard at the federal level for these sorts of decisions is a little bit different than the Florida standard. Under the federal standard, wouldn't you say that ordinarily it's more than just the, I think, fairly minimal participation, at least with respect to the second suit? The first suit is maybe a different question. What I would say to the federal standard judges is that the simple filing of an answer without an affirmative defense, which would be sufficient in Florida, would not be sufficient necessarily under the federal standard because the federal standard, and I think consistent with Florida, would be totality of the circuit. But I guess my question is what else is there here besides that with respect to the second suit? Are you simply saying that it's the inextricable intertwinement of the two that makes the difference? I think that makes the difference, Judge, and the fact that they filed an answer, again, without an affirmative defense and waited eight months, and respectfully, it's not that nothing happened. The parties met. They had a Rule 26 conference. They filed a case management report in which they admitted inextricably intertwined, and they served Rule 26 disclosures where they also admitted the cases were inextricably intertwined. And then what happened, Judge, to be clear, is the district court, Judge Honeywell, entered the judgments, and it was only after those judgments were entered that they moved to compel arbitration. That's what happened. I mean, this is not a case where someone files an answer inadvertently, doesn't do an affirmative defense, or realizes, oh, goodness, I should have filed a motion to compel arbitration simultaneously with my answer or, say, a motion to dismiss for lack of personal jurisdiction, whatever it is. But eight months is a long time after you file a lot of other pleadings in the court record. That's exactly right, Your Honor. And in their motion to amend, they asserted nine affirmative defenses, only one of which related to arbitration. So the other eight convinced an intention to litigate this case. And I would say one more thing about the state versus federal issue, if I may beg your indulgence, in that if federal law applied to waiver of arbitration only, then you would have this sort of incoherent situation where state law would apply to formation, offer, acceptance, consideration, legality of purpose, contractability of parties. State law would apply to every other affirmative defense, coercion, estoppel. We're supposed to treat arbitration agreements the same as any other contract, right? That's right, Your Honor. And that's my point. Thank you for your patience. Was it Judge Jung and not Judge Honeywell, the district judge in this case? It was Judge Jung. And interestingly, it was also Judge Jung in this case, Judge Wilson, who authored the opinion in Garcia on which the appellants rely. Okay. And if Judge Jung in this case thought Garcia had any viability at all, he would have cited it and distinguished it. You said earlier Honeywell. I just want to make sure I'm looking at the right order. Yeah. I'm sorry. Judge Honeywell entered the judgments in the original action. Okay. But this action was filed, unlike some of the cases that they rely upon, where the two actions are completely distinguishable, completely different subject matter. They've admitted otherwise. But this action was actually filed, Your Honor, while the underlying original action in this case was banned. All right. Thank you, Mr. Weinstein. Mr. Rupp, you reserve some time for rebuttal. Thank you. Three points on rebuttal, Your Honors. First, the discussion of party versus affiliate is precluded by this Court's decision in Addicts. They did not specifically challenge the delegation clause. That is a waiver of their ability to challenge the delegation clause. And Addicts holds that absent a specific challenge to that delegation provision, it cannot be challenged, and those questions are reserved for the arbitrator. Second, the three distinctions between the two cases that we talked about, again, it's still a different cause of action. It is fraudulent transfer, and on at least two occasions, this Court has held that in both Suvikmon Development and CM Investment Group, that it is not a mere collection action when you're filing a fraudulent transfer case because it requires the proof of different statutorily defined elements. So it is not simply a collection action. Now, and the question isn't whether there is some sort of relation between the two. The question is whether there's sufficient identity that there's a waiver of the right to arbitrate. And the discussion from this Court at the end of the Collado decision, I think, is especially important because there this Court described that there can't be waiver in a circumstance where a party has to sort of preemptively move to compel arbitration of a claim that's not even in the case yet. That, you know, intellectually, that can't be the rule. Finally, on the last point I'll make about the identity piece, remember there's a party issue too. The one party that my friend didn't mention is IGAS Holdings, which, again, the defendant in this case, that they chose to sue in this case, was not even a party in the first case and did not even exist at the time that those transactions occurred. So there's no argument that they could have ever waived anything because that entity did not even exist. And we addressed this point in our opening brief. At the very least, that entity here has an independent right to compel arbitration because it has no relation whatsoever to the first case and it couldn't have waived anything because it wasn't a party there. So at the very least, that entity could compel this case in its entirety to arbitrate. And finally— What about the eight-month delay and the occurrences and the concessions and the filings and so forth? Why wouldn't that bind that party as well? I don't think— Two points on that. First of all, I don't think that there's a concession that these are inextricably intertwined. That language was never used in there. Is there a relationship between these two cases? Absolutely there is. There are some similar parties. And again, they are going to have to prove that there's a creditor and they will do that through that prior litigation. But the question is whether there's identity such that it results in waiver. And I think what the cases hold from all the other circuits that have looked at this— And again, remember, this court has never held and confirmed in pain that it has never held that actions taken in two separate litigations can ever result in waiver in the first place. Can't they be part of the totality of the circumstances analysis, though? Yes, I think you could. And I think the other circuits that have done that— the Seventh Circuit, the Second Circuit, the Fifth Circuit— look at whether the same legal issues are being evaluated in the two cases. And here, that's just not the case. Again, and as detailed in our briefing, we have entirely different elements that are at issue here. And that are going to have to be proven in the second case. I think we have your argument, counsel. Thank you. Court is adjourned. All rise.